IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALVIN H. DANIELS, # 165590, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17-CV-466-MHT-SMD |
| | ) | [WO] |
| DERRICK CARTER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on July 12, 2017,[1] by Alvin H. Daniels ("Daniels"), an Alabama inmate[2] serving a life sentence for two first-degree robbery convictions he received in the Jefferson County Circuit Court.   (Doc. 1).[3]  Daniels argues, among things, that the Alabama Board of Pardons and Paroles ("the Board") violated his due process and equal protection rights when revoking his parole in July 2016.   He seeks release from prison and the reinstatement

---

[1] Daniels's petition was date-stamped received by this court on July 13, 2017.   Daniels represents that he submitted the petition on July 12, 2017.   Applying the prison mailbox rule, and with no evidence to the contrary, the court deems the petition to be filed on July 12, 2017.   *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Daniels was incarcerated at the Bullock Correctional Facility in Union County, Alabama, when he filed his petition.

[3] References to document numbers ("Doc.") are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

of his parole.

In addition to arguing that Daniels's claims lack merit, Respondents argue that his claims are unexhausted because they have not been fully addressed by the Alabama courts.[4] *See* (Doc. 13); (Doc. 30) at 2–3; (Doc. 40) at 2–5. The undersigned finds it is unnecessary to address the exhaustion issue, however, because it is clear from the record that Daniels's claims do not entitle him to federal habeas relief.   Therefore, the court recommends that Daniels's § 2254 petition be denied and that this case be dismissed with prejudice.

## I.  BACKGROUND

In 1991, Daniels was convicted in the Jefferson County Circuit Court of two counts of first-degree robbery.   (Doc. 1) at 1; (Doc. 13-6).   He was originally sentenced to life in prison without the possibility of parole.   However, in 2004 his sentence was modified to life <u>with</u> the possibility of parole.   (Doc. 1) at 1; (Doc. 13-6).

In August 2015, Daniels was paroled by the Board.   (Doc. 13-6) at 1.   Less than a year later, on May 2, 2016, Daniels's parole officer prepared a report of parole violation stating that Daniels had violated his parole by committing a new criminal offense,

---

[4] In Alabama, there is no direct appeal procedure by which an inmate can appeal the Board's decision to revoke parole. *See Ray v. Mitchem*, 272 F. App'x 807, 809 (11th Cir. 2008).   A petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to initiate a challenge to such a ruling by the Board.   *Id.*   "One complete round" of review of a parole revocation decision in Alabama includes: (1) filing a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, *see* Ala. Code § 12-3-9 (2003); *Johnson v. State*, 729 So.2d 897, 898 (Ala. Crim. App. 1997; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, *see* Ala. R. App. P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

specifically, public intoxication, for which the City of Anniston Police Department had arrested Daniels on April 21, 2016.   (Doc. 13-8).   On May 10, 2016, the Board issued a delinquency report declaring Daniels delinquent for violating his parole.   (Doc. 13-9). On June 23, 2016, the Board issued a notice that a parole court hearing for Daniels would be held on June 30, 2016.   (Doc. 13-10).

Daniels's parole court hearing was held as scheduled on June 30, 2016.   Following the hearing, the hearing officer prepared a parole court report reflecting, among other things, that Daniels had admitted his arrest for public intoxication and had pleaded guilty to violating his parole.   (Doc. 13-11) at 4–6.   The report indicated that the hearing officer accepted Daniel's guilty plea to the parole violation.   (*Id.*) at 6.

On July 13, 2016, the Board, relying on the hearing officer's finding of guilt, revoked Daniels's parole and set a parole reconsideration date for June 2017.   (Doc. 13-1).

## II.   DISCUSSION

### A.   Due Process Claim and Related Claims

Daniels claims the Board deprived him of due process when revoking his parole. (Doc. 1) at 5, 16.

It is well settled that parole revocation evokes a liberty interest and certain due process protections are required.   *Ellard v. Alabama Board of Pardons and Paroles*, 824 F.2d 937 (11th Cir.1987).   Although a parolee is entitled to the protection of procedural

3

due process at a parole revocation hearing, *see Overton v. Bazzetta*, 539 U.S. 126, 138 (2003), "the full panoply of rights due a defendant in [a criminal prosecution] does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).

In *Morrissey*, the Supreme Court set out the minimum due process requirements for revocation of parole: (1) advance written notice of the alleged parole violations; (2) disclosure of the evidence against the parolee; (3) a hearing before a "neutral and detached" hearing body; (4) the opportunity to be heard in person and to call witnesses and present evidence; (5) the right to confront and cross-examine adverse witnesses, unless good cause is found for not allowing confrontation; and (6) a written statement by the factfinder setting out the evidence relied on and the reasons for revoking parole. *Morrissey,* 408 U.S. at 489. "These requirements in themselves serve as substantial protection against ill-considered revocation." *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973).

The revocation of parole may be based upon reasonable grounds, unlike criminal proceedings which require a standard of proof "beyond a reasonable doubt." *See Morrissey,* 408 U.S. at 490. A parolee's commission of a new offense, even where the parolee is not convicted of the offense, is sufficient evidence if presented at the revocation hearing to establish that the parolee committed acts constituting the new offense. *Id*. at 484.

The record establishes that Daniels was afforded due process in his parole revocation. On June 23, 2016, the Board served Daniels with notice that a parole court

4

hearing would be held on June 30, 2016, giving him advance written notice of his alleged parole violation.   (Doc. 13-10).   In signing that notice of the parole court hearing, Daniels acknowledged that he had received a copy of the report of parole violation setting out the charges against him.   *(Id.)* at 1.   Daniels also signed an admission of guilt stating that he intended to plead guilty at his parole revocation hearing.   *(Id.)*.   Daniels's parole court hearing was held by a neutral and detached hearing officer.   At the hearing, Daniels was afforded the opportunity to present evidence and witnesses and to cross-examine witnesses testifying against him.   (Doc. 13-11) at 1.   The hearing officer prepared a parole court report indicating the witnesses who testified, the evidence received, the hearing officer's findings, the evidence relied upon, and the hearing officer's recommendations.   *(Id.)* at 1–5.   The report indicated that the hearing officer accepted Daniel's guilty plea to the parole violation, specifically, public intoxication.   *(Id.)* at 4–6.   Based on these facts, it is evident that the Board complied with the due process requirements of *Morrissey.*

Daniels also claims, in cursory fashion, that his right to counsel was violated.   (Doc. 1) at 5, 16.   However, both the notice of parole court hearing, *see* (Doc. 13-10) at 1, and the parole court report, *see* (Doc. 13-11) at 1, stated that Daniels did not request an attorney to represent him.   Moreover, the Supreme Court has held that "a parolee is not entitled to the full panoply of due process rights to which a criminal defendant is entitled, and that the right to counsel generally does not attach to such proceedings."   *Pennsylvania Bd. of Probation and Parole v. Scott,* 524 U.S. 357, 366 n.5 (1998) (internal quotation marks and

citations omitted).   As Daniels had no right to counsel at his parole revocation hearing, he cannot demonstrate a meritorious basis for his claim.

Daniels claims that his guilty plea to the parole violation was involuntary because, he says, he was promised he would only be "dunked" for a maximum of 45 days rather than revoked.   (Doc. 1) at 5, 16, 18.   However, the "acceptance of guilty plea" section of the parole court report stated that Daniels was asked, "Has any person pressured you in any way to persuade you to admit guilt?" and that Daniels answered no.   (Doc. 13-11) at 4. Additionally, the "acceptance of guilty plea" section stated that Daniels was asked, "Has any person offered you any assurance of leniency, in order to persuade you to admit guilt?" and that Daniels answered no.   (*Id.*).

Finally, Daniels claims there was insufficient evidence he violated a term of his parole.   (Doc. 1) at 18.   However, Daniels admitted he was guilty of committing the parole violation of public intoxication.   As noted above, a parole revocation may be based upon reasonable grounds, and a parolee's commission of a new offense (even where the parolee is not convicted of the offense) is sufficient evidence if presented at the revocation hearing to establish that the parolee committed acts constituting the new offense. *Morrissey,* 408 U.S. at 484, 490.

Based on this record, the court finds that Daniels was provided all the due process to which he was entitled.   Further, the court finds that Daniels has shown no deprivation of his right to counsel or that his guilty plea was involuntary.   Finally, Daniels pleaded

6

guilty at the revocation hearing, providing sufficient evidence he violated a term of his parole by being publicly intoxicated.   Daniels is entitled to no relief based on these claims.

## B.  Equal Protection Claim

Daniels claims he was denied equal protection of the law in the revocation of his parole.   (Doc. 1) at 15–16, 18.   He argues that the application of § 15-22-32(b)(1), Ala. Code 1975, violates equal protection because it results in discrimination against "him and other non-white probationers/parolees in a disparate manner that discriminated based upon race with intent or purpose by the governing authorities."   (*Id.*) at 16.

Section 15-22-32(b)(1) states as follows, in pertinent part:

> Unless the underlying offense is a violent offense as defined in Section 12-25-32 and classified as a Class A felony, when a parolee under supervision of the Board of Pardons and Paroles has violated a condition of parole, other than being arrested or convicted of a new offense or absconding, the parole court may recommend and the board may impose a period of confinement of no more than 45 consecutive days to be served in the custody population of the Department of Corrections. . . .   Upon completion of the confinement period and release from confinement, the parolee shall automatically continue on parole for the remaining term of the sentence without further action from the board.   The parole court shall not recommend and the board shall not revoke parole unless the parolee has previously received a total of three periods of confinement under this subsection.   A parolee shall receive only three total periods of confinement under this subsection.   The maximum 45 day term of confinement ordered under this subsection shall not be reduced by credit for incarceration time already served in the case. Confinement under this subsection shall be credited to the balance of the incarceration term for which the parolee was originally sentenced.   In the event the time remaining on parole supervision is 45 days or less, the term of confinement shall be for the remainder of the parolee's sentence.

§ 15-22-32(b)(1), Ala. Code 1975.

Daniels's underlying convictions were for two counts of first-degree robbery, as proscribed by § 13A-8-41, Ala. Code 1975.  Alabama first-degree robbery is a violent offense under § 12-25-32, Ala. Code 1975,[5] and is also a Class A felony.[6]  Further, Daniels's parole revocation was based on his being arrested for a new offense, i.e., public intoxication.  Thus, the Board acted under the legitimate auspices of § 15-22-32(b)(1) when it revoked Daniels's parole instead of issuing an intermediate sanction or a "dunk" of up to 45 days in confinement.

To establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.  *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)."  *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001).  To succeed on an equal protection challenge, the claimant must demonstrate the existence of discriminatory intent.  *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . .  Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in

---

[5] Under § 12-25-32(15)a.28, a violent offense includes "Robbery I pursuant to Section 13A-8-41."

[6] *See* § 13A-8-41(c), Ala. Code 1975.

spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

Daniels offers no evidence identifying any other similarly situated inmate who received more favorable treatment from the Board, *Brunskill v. Boyd*, 141 F. App'x 771, 776 (11th Cir. 2005), or that the Board subjected him to adverse treatment based on some constitutionally impermissible reason.   He merely states that "statistical data, records, and evidence" will show an equal protection violation.   However, he provides no statistical data, records, or evidence to show the alleged equal protection violation.   At most, Daniels has merely alleged differential treatment.   Mere differential treatment of similarly situated inmates, without more, fails to establish a violation of the Equal Protection Clause.

Because Daniels sets forth no facts to support his allegation of an equal protection violation, he is entitled to no relief based on this claim.

## III.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 26, 2020**.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2020.

  /s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE